IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

L'KEITH ANTWAN IRVING                                                        PLAINTIFF

v.                           Civil No.: 6:17-CV-06096

JAIL ADMINISTRATOR KENNETH FAIN                                      DEFENDANTS
and SHERIFF MIKE CASH

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* (IFP) pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to keep the Court apprised of his address, failure to obey a Court Order, and failure to prosecute this case.

## I. BACKGROUND

Plaintiff submitted his Complaint and application to proceed IFP for filing on September 15, 2017. (ECF No. 1). That same day, the Court entered an Order directing the Clerk to provisionally file the Complaint and application to proceed IFP. (ECF No. 3). This Order advised Plaintiff that his case would be subject to dismissal if he failed to inform the Court of an address change within 30 days from his transfer or release. (*Id*.). On October 18, 2017, the Court granted Plaintiff's application to proceed IFP. (ECF No. 6). This October 18th Order again advised Plaintiff his case would be subject to dismissal if he failed to inform the Court of an address change within 30 days from his transfer or release. (*Id*.). In compliance with the foregoing Orders, on February 26, 2018, Plaintiff filed a Notice of address change to 121 Crane Street, Flippin, Arkansas.[1] (ECF No. 18).

---

[1] Information filed in *Irving v. Fain*, Case No. 6:17-cv-06069, ECF No. 29, indicates this address is for Twin Lakes Recovery/Arkansas Community Corrections.

1

Defendants filed their Motion for Summary Judgment on July 27, 2018. (ECF No. 22). On July 30, 2018, the Court entered an Order directing Plaintiff to complete and file his Response to Defendants' summary judgment motion by August 20, 2018. (ECF No. 25). On August 14, 2018, this Order was returned to the Court as undeliverable. Accordingly, Plaintiff had until September 13, 2018, to inform the Court of his new address and has failed to do so. Plaintiff's last communication with the Court in this case was February 26, 2018. (ECF No. 18).

Because of Plaintiff's failure to respond to the Motion for Summary Judgment, Defendants filed a Motion for Facts to be Deemed Admitted on August 31, 2018. (ECF No. 26). Plaintiff has also failed to respond to this Motion.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to obey the Court's Order directing him to update his address. (ECF No. 6). Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

As the case is dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court will not address the merits of the Defendant's Motion for Summary Judgment or Motion for Facts to be Deemed Admitted.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 17th day of September 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE